May it please the Court. My name is Nicole True and I'm here on behalf of the petitioner Michael Rose. I would like to reserve two minutes for rebuttal. I will help you. Thank you. This court correctly advised the parties to focus their arguments on whether a petitioner in a removal proceeding must rebut the presumption of alienage by substantial evidence or a preponderance of the evidence. Pursuant to Supreme Court precedent, the answer to this question must be substantial evidence for three reasons. First, in removal proceedings, a petitioner is not seeking the affirmative benefits of citizenship. So the preponderance of the evidence standard does not apply. Second, no order of removal can be entered unless the government proves all grounds for deportation, including alienage, by clear, unequivocal, and convincing evidence. And three, the risk of error in removal proceedings is on the government. Let's take that in pieces. Counsel, we ordered this case transferred to the district court pursuant to statute because there were factual questions that needed to be resolved. And the statute says that by virtue of the fact that your client is foreign-born, there is a presumption that he's an alien, and he then has the burden to adduce evidence to question or rebut that statutory presumption. The district court found the evidence in equipoise did not make any credibility determinations. So did your client meet his burden of proof to rebut the presumption, or did he not under that state of the record? I do think that he did. I think the standard has to be substantial evidence, which is something less than a preponderance of evidence. I believe this court has called it more than a mere scintilla and something less than a preponderance of evidence, and that came from Saley. The confounding thing is that he, I think everybody agrees, he started with a burden, a rebuttable presumption, and what we know from the district court is that he moved the ball back to the 50-yard line, but exactly the 50-yard line, right? He didn't go over the line. Correct, although I would just note that we are challenging the district court's finding, and we believe that it was clear error to . . . Okay, but to get back to Judge Tallman's question, I don't mean to interrupt you, but just we have to take . . . we're breaking this down. I'm drawing pictures and everything else. Sure. So your position is we know from the district court's fact-finding that the ball got moved back to the 50-yard line, and so your position is that's substantial credible evidence, right? Yes, I think that does exceed the substantial evidence standard. Okay. So if I were to rank burdens of proof by weight, I would start with reasonable suspicion, probable cause, substantial evidence, preponderance, proof beyond a reasonable doubt. Is that how you would rank them? Yes, with the exception I would throw clear and convincing evidence. Clear and convincing. Somewhere between preponderance and reasonable doubt. So we have six levels. Yes. Okay. But your position is substantial evidence can be below preponderance. Yes, and this court has actually said that, and it was Saley v. Chater, 94 F. 3rd, 520. The quote is, Substantial evidence is more than a mere scintilla, but less than a preponderance. Why does substantial evidence test apply in the district court proceeding? Because the proceeding before the district court was a citizenship proceeding. What do you mean a citizenship proceeding? The purpose of the proceeding was to determine if Mr. Rose was a citizen, but also to resolve a dispute of fact related to the removal proceeding. Is it both or one? I mean, the district court does not have the power, does it, to make the board's decision as to whether or not he's deportable. The only thing the district court had the authority to do was to conduct an evidentiary hearing and determine whether or not he had rebutted the statutory presumption. I think that's actually the correct answer, but it appears that the way that these, and I may be incorrect, but it appears the remands have been treated as citizenship proceedings. But this is not an affirmative citizenship proceeding. It's all within the confines of a removal proceeding. Yes, and I fully agree with that. Do you think the district court applied the right burden or not? I do not think that, so if this court agrees that, I mean, I was kind of going along with what this court has, what these remands have seemed to be doing in other circumstances. Well, if you read the district court's order, she thinks she was in essence making a naturalization determination in her order. I mean, she essentially says he is or he's not entitled to citizenship, but that's not really her call, is it? I think you're right about that. I think the remand is supposed to be— That would be what she would be doing in an affirmative citizenship proceeding if there had never been a removal proceeding. I mean, just to finish that thought. That's where I think you're going, all right? Yes. Okay, and so do you know of any case from any circuit court where this precise question has been asked? In other words, you've got a removal proceeding and what I'm considering is sort of a satellite citizenship proceeding and what the appropriate burden of proof is when it comes back? I did not find any case that decides that precise issue. So this case started off as a removal proceeding? Correct. When did it metastasize into a citizenship proceeding? What caused that to happen? It appears it was the remand. When the remand occurred, the district court treated it as a declaratory action and for citizenship. Is that a point? Then that is a question for us as to what our mandate consisted of, what it required, right? Yes. So if we say this is a removal proceeding, then it follows that you may be correct that it's a substantial evidence test, but if it's not, you lose. I would say that, well, even if the district court proceeding was. . . Because if it's preponderance, there's no question that you didn't carry that in the district court. Not in the district court, however, again, I would just reiterate. . . But I would say that regardless of whether the district court proceeding was a citizenship proceeding or if it was part of the removal proceeding, when we come back to the Ninth Circuit, we're back in a removal proceeding because this court's decision at the end of the day will decide whether my client is deported to Jamaica. Well, yes. But if you're correct, then if I get picked up and I get charged or you get picked up and you get charged with a drug offense, you're not a U.S. . . . There's some indication that you're not a U.S. citizen. Under your regime, all you've got to do is say, well, look, I've got this claim for U.S. citizenship based on mother's residence here or whatever, and then all of a sudden instead of being in removal proceedings, the landscape changes and you're in citizenship proceedings where the burden is a lot higher, which is essentially what happened here. The circumstance here, though, is a situation where the alleged alien is a resident of the United States, and the Supreme Court has said that when you have a residency that it's a drastic deprivation to be removed from this country. In those cases, the government bears the burden of proof and it bears the risk of error because here if they're . . . But that wasn't what we transferred the case to the district court to decide. The district court was given a very . . . Well, I guess you could argue how specific our order was, but as I understand the order, the district court was essentially asked to determine whether or not since he was foreign born he could establish the . . . he could rebut the statutory presumption. And it seems to me that that question requires more than a scintilla of evidence. It requires . . . let me put it a different way. The district court said, I can't tell one way or the other. The evidence could support a determination that Harry Rose was the father. It's equally likely that he was not, and therefore he didn't rebut the presumption, did he? I think that he did, and I think this is where the risk of error is important. So when the Supreme Court says that they put the clear and convincing evidence standard on the government, they've made an assessment, and they've talked about this in a number of cases. But clear and convincing evidence goes to the proceedings before the board. This is not a proceeding before the Board of Immigration Appeals. Besides, you've already answered this question. What you said is that he had the burden, and he moved the ball back to the 50-yard line, and you think that's substantial credible evidence. And if you're changing that position, I really need to know that. No, I'm not changing that position. The statement that I was going to make is the risk of error here is on the government because if . . . so let's say the government is wrong. Let's say that Harry Rose is not Michael Rose's father. The government will be deporting a United States citizen out of this country. And the risk of error for if Michael is wrong about his parentage is that a resident who's lived here for 30 years gets to stay. The risk of error for the government is much greater, and that's why the Supreme Court requires them to prove removal by clear and convincing evidence. Why here? What's your authority for that assertion, that when you've got a claim of citizenship, you've got a substantial evidence test throughout all of the related proceedings? Which is what, in effect, you're asking us to hold. And what's the authority for that? I don't see it in the statute, and I may have missed a case, but I don't know of any cases that establish that. Mundaka Vega certainly says that without any hesitation, as did this Court in Murphy. Mundaka Vega is a 2015 en banc case from our court where we said that the government always bears the ultimate burden in a removal proceeding. That's correct. All right. But it didn't go to the other precise question, to circle back to Judge Parker's point, right? It didn't go to the precise question when we do this, what I'm calling a satellite proceeding, whether it's going to be a different burden of proof over there because it's within the confines of a removal proceeding as opposed to what I'm calling an affirmative citizenship proceeding. Is that right? In that case, the Mundaka Vega court did remand the case to the district court, and when the case returned back to the Ninth Circuit, they looked at it from the question of substantial evidence with regard to the removal proceedings. Yes. I'm aware of that. I'm aware that it did have a satellite proceeding and it came back and the Ninth Circuit looked at it in the confines of a removal proceeding. And I think that's Mundaka Vega is certainly the closest Ninth Circuit authority we've got on, and certainly very recent. But it doesn't answer precisely this question, and I'm not even sure we need to answer it, but we are looking at the possibility that in an affirmative proceeding there would be a different burden of proof. I guess I would agree. I would just say that it depends on what the nature of the proceeding is before the district court. If it is a citizenship determination, then I would agree that the preponderance And that's when Judge Parker said, what's your authority for that? That was the question. The preponderance of evidence happens in the citizenship proceeding. I think that's in the regulation. No, no, no. I'm just not being clear. But I think Judge Parker and I are trying to get at the same point, which is that is there any clear-cut authority that says when that citizen proceeding is an affirmative proceeding as opposed to being something that is embedded in the confines of a context of a removal proceeding that the burden of proof is different? No, I'm not aware of any authority. Thank you. So was the proceeding before the district court a citizenship proceeding or a removal proceeding? I would argue that it was a removal proceeding. Why? Because I believe the statute was designed to resolve questions of fact that this court could not resolve so that it could make a removal determination. That was the ultimate goal because when the case comes back here, this is a removal proceeding. Well, that's a circular because in either proceedings, the result is going to be someone leaves or someone stays. So it can't turn on that. How do we tell the difference between a removal proceeding and a citizenship proceeding? I would say that this started as a removal proceeding, and I think it stays as a removal proceeding. This whole thing started as a removal proceeding. It has always been a removal proceeding, and it never changed. Ms. True, let me ask you what happens next question. Okay, we have a ruling by the district court. Should we remand this now to the Board of Immigration Appeals so that it may consider the district court's determination and perhaps further remand it back to the immigration judge to reopen proceedings so that the government can then introduce evidence, now that we have a ruling from the district court, which is in equipose? I think this court can determine that the order of removal needs to be reversed. We've already had an evidentiary hearing, and the government has already had its opportunity to present evidence, and it didn't do so. Well, but we determined that there were unresolved questions of fact, and so we transferred that issue to the district court to resolve, and unfortunately we have an inconclusive answer to the question. So it seems to me that some sort of further proceeding is in order if we conclude that your client did not meet his burden at the district court to rebut the statutory presumption and that the evidence is in equipoise as a result. If you would conclude that he hasn't met his burden, I would say that there should be additional proceedings. I'm sorry. Say that again. If you would conclude that he hasn't met the – again, it depends, I think, on which standard you apply, because I do believe he has met the substantial evidence standard. So that is to say you think he rebutted the presumption? I do, yes. And in that case then, doesn't the burden shift back to the government to prove by clear cogent and convincing evidence that he's removable? That's correct. Right. And you must keep in mind here that the government hasn't even proven that it is more likely than not that Mr. Rose is a U.S. citizen or is not a U.S. citizen. And they have the burden to prove that he's an alien, and they haven't even reached 50%. They've reached 50%. They need 51 for a performance of the evidence, and they haven't done that. Okay. Let's hear from the government. We've gone over it. Well, no, it's an important case, and you can see we're wrestling mightily with the legal issues. Thank you. Thank you. May it please the Court, I have a question for Victor Lawrence on behalf of the Attorney General. This court should, under clear error review, find that the district court did not err in making its nationality determination. That's not what we're really wrestling with. I understand. You're wrestling with the burden of proof that the district court should face. And I have four reasons to tell you exactly that. I'll get straight to it then for you. All right. Okay. First of all, what this court did was it remanded under a procedure that Congress created in 8 U.S.C. 1252 B-5. It's a transfer to the district court for a nationality determination. And as the statute reads, it should be handled like a declaratory judgment action. A declaratory judgment action has always had the burden of proof by a preponderance of the evidence. And that's why the district court used the preponderance of the evidence burden, because the statute itself, 8 U.S.C. 1252 B-5, indicates that the nationality determination in this case of a transfer from a removal proceeding to the district court should be treated that way and the burden should be by preponderance of the evidence. There's a second reason. And I think all the confusion. Excuse me. Has any circuit addressed that point? Yes. This circuit has, in the cases of Sanchez-Martinez, where it indicated that when it shifts to district court, it should be by preponderance of the evidence. It also said that in the Yee-Tung-Gay case, that the standard should be by preponderance of the evidence. That's a 1958 opinion. And also the Leehan-Lung case versus Dulles. What we've also said very recently, en banc, the government bears the ultimate burden in the removal proceeding, and that's our problem. That's correct. But let's take one thing at a time, if we may, Your Honor. The first proceeding is the district court. Well, it's in the context overall of a removal proceeding. Right. Transferred to the district court. Yes. And what this court is wrestling with, as I understand it, is what is the burden that the district court must use, the burden of proof to decide whether or not the person is a citizen. I think we're not communicating, but go ahead. Go ahead. Okay. Well, so all those cases I just mentioned indicate that the burden is by preponderance of the evidence. And that's the standard that the district court, in this case, in Rose's case, used. Now, where confusion lies is that the Ninth Circuit has also used this term substantial credible evidence in referring to that stage at the district court level when it's transferred. It's the government's position that substantial credible evidence is the same thing as preponderance of evidence. It's their equivalent burden. And there's authority for that. The authority itself is in the Madacavega opinion at page 422. At page 422 in Madacavega, it says, there are three standards of proof that are commonly recognized in civil proceedings. Preponderance of the evidence in proceedings general, preponderance of the evidence, clear and convincing evidence, and proof beyond a reasonable doubt. But the question in that case was different, counsel. Another word had been interjected. It wasn't clear and convincing. It was clear, unequivocal and convincing. And what that court was saying is, no, that's the same thing. That's correct. But in the context of saying that, the court, the en banc court, said we're not going to add a fourth burden of proof here. Yes, we have plenty of them. Right. But so by the same context, when the court referred to substantial credible evidence to be used at the district court level, it wasn't adding a different burden of proof either. It was renaming the preponderance of the evidence. That's a pretty distinct renaming, counsel. Those have always been recognized as distinct burdens of proof. But this Court's jurisprudence is mixed on the issue, because I listed three cases that. Well, I grant you that. And that's what we're struggling with. Okay. And that's what we're struggling with. So it really is very precise. So let me give you some additional reasons, if I may. Also in Mendoca-Vega, the district court in that case used the preponderance of the evidence standard. If you go to the district court opinion in Mendoca-Vega, they used the district court, the preponderance of the evidence standard. And when the court reviewed that en banc, it didn't say that they used the wrong burden of proof. Right, counsel. But your problem is what the court did say emphatically is that the government always bears the ultimate burden of proof in the removal proceeding. And that's the rub, right, for you. Correct, that we do bear the burden of proof in the ultimate removal proceeding. And we would argue that we have established that burden of proof. Okay. So we're looking at two different burdens of proof here. Yes. What happens at the district court level, which we say is preponderance of the evidence, I think there's between the statute, the Ninth Circuit jurisprudence, the exact language in Mendoca-Vega, I think all establish that preponderance of the evidence is the right standard at that level. Then it comes back to this Court. You have the citizenship determination. The district court, after a de novo hearing, said he's not a citizen. So now what you have is the removal order, which wasn't challenged with respect to his removability as a result of his commission of an aggravated felony. You have that. You have the fact that the district court said he was a citizen. So then he's not challenging removability on the grounds that he didn't commit the felony. He's saying I'm a citizen. That's correct. That's his defense. So why then isn't this a citizenship proceeding? It is, but it isn't. So it goes back to the issue. I don't mean to confuse the issue, but I'm trying to answer it as best I can. His defense is he is a citizen. So it goes back to the district court, and you guys said it's an issue of fact. Let's let the district court resolve it by the 1252b-5 proceeding. But in this particular case, it did not. The district court went back to the 50-50 yard line, and the problem we've got is that's inconsistent. What you want to cling to is the district court's judgment, the ultimate conclusion. And what we asked the district court to do is make this finding a fact, and the district court wasn't able to do that. I disagree, Your Honor. I think the district court's declaratory judgment order said that he is not a citizen of the United States. I understand you disagree, but I just don't think you're answering the question. So what you're suggesting is that we have to have more proof. I'm suggesting you haven't grappled with Mondaca-Vega, and it's a 2015 en banc case from this court, and that's very problematic for the government. I don't particularly – I'm not trying to be adversarial, but if you don't have an answer to the question, it's fine. But on my scorecard, that's the question. How does Mondaca-Vega fit into this? Is it only because of the substantial credible evidence language that you're concerned about this? Well, the first place you're losing me is your position that substantial credible is the same as preponderance. That's the first problem. And you certainly lost me on that. I don't buy that at all. Are you suggesting it's a higher or lower standard? Substantial credible evidence, it seems to me, unless I'm totally missing something, is substantial evidence. It's the same standard, interchangeable words. We're always talking about credible evidence. I mean, that's by definition. But, Your Honor, Congress said in 1252-5 – You know, every first-year law school, you know preponderance. There's no one who says – I mean, I charged juries for years and years. It never occurred to me when I was charging a jury about preponderance of the evidence to say substantial credible evidence. That's not the way that term is used. That's what we're grappling with. Yeah, that doesn't – I'm not sure I heard your point. The point is, I don't want to unnecessarily eat up your time. I'm just signaling that your proposition that substantial credible evidence means preponderance of an evidence – You're troubled by that. I don't buy it. So, in your limited time, if you've got a backup argument, I'd like to hear it. Well, you know, again, I think the fact that the Mondaga-Vega Court was reviewing a district court opinion where they used the preponderance of evidence standard in this exact same situation but did not say that the district court erred by using the preponderance of the evidence standard is proof itself that the en banc court agrees that the district court, in that case, using the preponderance of evidence standard, did the correct thing. Did the en banc court have to answer that question, have to reach it? No, but they were reviewing the standards of proof generally. They were reviewing whether a clear and convincing evidence applies in the removal proceeding. Back in the removal proceeding, right? Yeah. Yeah, okay. But certainly, if they believed preponderance of evidence was incorrect, they would have said – the Ninth Circuit would have said something. When you say certainly, I thought you just told me that you didn't think they had to reach it. That's correct. But nevertheless, if they saw a glaring error in the opinion, I think the Ninth Circuit, especially the en banc panel, would have said something. But they indicated that the district court – they found no error with the district court's using the burden of preponderance. I'll grant you that. They didn't go there. Okay. I'll grant you that. Okay. But on the clear and convincing evidence. Okay. So we have the district court's opinion that by preponderance of evidence, he did not prove citizenship. You have that. You have the fact that they haven't challenged the aggravated felony charge. You also have the fact that this Petitioner previously applied for cancellation of removal and received it from the government, in which the government had to prove that he was an alien, or he had to prove that he was an alien. And he did that in 2001, and that's within the record. So you have all those three items. The fact that district court said that by preponderance of evidence, he's not a citizen. You have the fact that he previously claimed he was an alien, and you have the fact – I forgot the first one I mentioned already. That he applied for cancellation of removal and it was granted. Yes. So between that, we argue that clear and convincing evidence has been established. The thing that bothers me about this case is the record suggests that this is an individual who will change his story to tailor whatever his claim is at the time, and his mother is an enabler. I'm frankly surprised that Judge Silver did not make an adverse credibility finding with regard to the mother because I don't know what to believe with regard to her story. And I agree with you that if the alien's evidence is not believable, then I don't see where the district court erred in determining that he didn't meet his burden to rebut the statutory presumption. Can I tell you what my problem is? I agree with that. That's exactly right. On my scorecard, I agree with what Judge Tallman just said, and we don't deport United States citizens. And so the other thing we have is not an absence of a finding. We have a judicial finding after a hearing in a trial court where we don't go, that the fact of Michael's father, who was Michael's father, is an unknowable fact. It's not that we don't know it. It's that it couldn't be determined on this evidence. So he wasn't legitimized. And under the statute, if he's not legitimized, he's a U.S. citizen, and you can certainly send him to jail for the aggravated felony, but you can't deport him. So we're right on the cusp there, counsel. I think what's problematic to this court, or what's confusing it perhaps, is this equipoise language. Well, we don't see that every day. What's that? We don't see that every day. Very unusual. But the court's ultimate decision. It's a huge hurdle. But hang on. The court's ultimate decision was that he is not a United States citizen. It's in the record. There's a one-sentence order. You know, that doesn't get us very far, because all of this pivots on what is the correct burden of proof that obtained in the district court. And that's established by 1252b-5. It's established by at least three pinches of this court. Sanchez. Counsel, that's because you only want to look at the citizenship proceeding and you're not looking at the removal proceeding. No, but all those are in the context. Ultimately, you're trying to deport the guy. So that's what we keep asking you to answer, that point. No, understandable. But in all those cases, they were all removal proceedings that were transferred to the district court in the exact same manner of this case. Sanchez, Yitongye. And you have, of the most recent, is an en banc. The most recent, but the most recent didn't indicate that it was overturning any of the prior Ninth Circuit jurisprudence. It didn't say that at all. What it says very clearly is that the government bears the burden of proof in the removal proceeding. And this is the removal proceeding that we're sitting in. Correct. And so here's the thing. This is a removal proceeding. Overall, it's a removal proceeding. Overall, here and in the district court and for the ---- No, no. That's where we disagree, Your Honor. It's a removal ---- Overall, this is a removal proceeding. And Judge Christian described it as a satellite proceeding that's been ---- The 1252. The 1252B5. And by the statute, 1252B5, it says that that's a citizenship determination in district court. You found that there was a genuine issue of fact of whether he was a citizen. You transferred it for that. That's a citizenship determination. That came back saying he's not a citizen. So now you have the evidence that we're talking about at the end of the questioning here. You have the fact that he's not a citizen. And you know that. You have the fact that he didn't challenge his aggravated felony charge. He's got the removal. So the question is, is that enough combined with the fact that he previously said under oath, when he received cancellation of removal, that he is an alien and he deserved to have that grant of cancellation? But you don't want us to ---- How could we impose a lower standard of proof when the risk is that a U.S. citizen will be deported? Sorry. You're not imposing a lower standard of proof. The overall standard of proof at the end of the day is clear and convincing evidence. We have to prove by clear and convincing evidence that he's removable. But when the presumption of foreign birth applies and you transfer it to the district court, the standard of proof in the district court is on him, the board unapproved, is on him to show by a preponderance of evidence that he's a citizen. Because that's his defense to removal. And that's a special standard that is carved out by the statute when we have a foreign born alien. Not necessarily when you have a foreign born alien, but when you have an issue of fact as to whether he's a citizen. As to whether he's a citizen. Yes. And that's what you do. So let me ask you the same question I asked Ms. True. We now have the district court's determination, whatever it means,  to reopen. Is there any additional evidence that the government would then want to introduce in light of what the district court has determined? Okay. So our position is that on the record before it, this court need not remand that it could make the decision that the government has proven by clear and convincing evidence by virtue of all the factors that I mentioned. Should the court not reach that standard or find that the government has not reached that standard, better said, then remand may be appropriate for additional fact finding to see if the government can now prove by clear and convincing evidence to the immigration judge based on the district court's opinion that they found he was not a citizen. That in fact he's, he's removable from the United States. However, again, I don't think that. So you're saying, I, I, I, I mean, I'm, I, I shared Tolman's efforts to find some resolution here, but we just had a trial to determine that. So what, what's the, what's the IJ going to do? There's a trial in district court, federal trial. That's why I don't think it's necessary to remand it because in fact you're right, there was a DeNovo two day. I mean, no one's arguing that the district court proceeding was deficient in any way that both parties didn't have an opportunity to produce, to adduce whatever evidence they wanted. That's correct. At least as far as I know, nobody's arguing, arguing that. And under Mondaka Vega, don't we review that district court finding as a finding of fact, we review it for clear air. That's correct. So how could you review the burden of proof? The quantum of proof used DeNovo, you review the factual findings for clear error. Well, her determination of citizenship, we review as a finding of fact, according to this case. Yes. But, but if you were solely to look at the issue of whether the district court employed the correct burden of proof, that's according to Mondaka Vega, you review that DeNovo. Okay. I don't mean to beat my, my issue to death here, but what I heard you say in response to Judge Parker's question, since you had a full trial, you really don't have any additional evidence that you would adduce if we sent it back to the agency. What about collateral estoppel? Yeah. So this, this is unusual. And I understand. Raise judicata. Yeah. But, but, but that's, that's the whole thing. That's the whole thing. The government. I mean, what, what, what happens when this thing goes back to the IJ and we get a different finding? That's when we take senior status and rather than doing, rather than taking senior status, I think the correct decision is defined under clear error review that the district court determined that he was not a citizen of the United States and employed the correct standard in doing so. And therefore that is his only defense to removal. That he's a citizen. He had a two day bench trial to prove to the United States court in Arizona that he was a citizen. He failed to do so. That's all that this court needs to know. No, but it's, it's, that's too narrow a view. Let's just say hypothetically that the drug component of this was out of the window. There was no aggravated felony and he's picked up and is charged for removal because he overstayed a tourist visa or what have you. Okay. The regimen that you are then offering, urging on us, would be one in which, where there's this hybrid district court proceeding. Yes. There's a substantial carve out from the government's responsibility, which is ordinarily to prove by clear and convincing evidence that this person is not a U.S. citizen. And when we have a remand under your regime, well then it all of a sudden lowers to preponderance of the evidence, which goes, it seems to me, against a lot of both circuit and Supreme Court jurisprudence. On your last point, that's where we disagree. Yeah. Show me where I'm wrong. 1252b-5 says that it's exactly contemplated by Congress in this particular situation where his citizenship is in question. It comes to this court and you guys said, you're right. Or a sua sponte, you guys said, this is an issue of fact. Is he a citizen of the United States? You sent it back on a transfer under 1252b-5. The standard under that transfer is preponderance of the evidence. And that is indicated by Congress by saying it's the same thing as a declaratory judgment action. And under 28 U.S.C. 2201, the statute specifically says, excuse me, that it's preponderance of evidence is the standard. You said that in several other Ninth Circuit opinions. You also said, or the Embank panel, I apologize, the Embank panel also said that there are only three standards of proof. And it said we're not, and they specifically said in Mendoca-Vega at page 422, we're not going to add another standard of proof. That was clear and equivocal, and that's what they didn't add. Correct. But they specifically were talking about this idea. Is there more standards of proof than the three that are commonly known? And they said, no, and we're not going to add a fourth one because that would be too confusing. They said that at page 422. That three is enough. So that is why. The problem with that approach is, you know, that ordinarily, if I'm in removal proceedings all along, I have a, I'm in a regimen where the government has to prove since the consequences are a U.S. citizen may be sent back to wherever. Clear and convincing evidence. Then just by the happenstance that there is some unresolved issue of fact and it gets turned back to the district court, that important elevated burden of proof is out of the window and U.S. citizen gets exiled on a preponderance standard. However, Your Honor, yes, the overall standard is clear and convincing normally in a removal proceeding. But in this case, this court actually gave him an additional opportunity, making up for the fact that it's a slightly less standard preponderance versus clear and convincing. It gave him a two-day bench trial to throw all the evidence he had that he was a United States citizen. And he couldn't do it. And the district court said he's not a citizen. And that is sufficient. That's the way that. That begs the question of what the correct burden of proof was. I mean, the problem we've got is that this case, you know, the rule of decision in this case is likely to affect a lot of others. And so the notion that through happenstance a petitioner or respondent finds him or herself in this district court proceeding dilutes a properly high burden of proof. But the burden of proof shifted because we found that he was born in Jamaica. Right. That's the foreign alien. So he went in with a rebuttable presumption. It's pretty hard on my scorecard to second-guess the finding of fact made by the trial court where she said he moved the ball back to the 50-yard line. However, she found that. That's what she found. And that rebuts the, according to your opposing counsel, that sufficiently rebutted that presumption. So then in a removal proceeding, the burden of proof shifts back to the government. That's what Judge Parker is suggesting. And what's your, since we've taken you way over your time, what is your best response to that, counsel? My best response is that this is precisely what was contemplated by Congress in these type of proceedings, that this court found there's an issue of fact with his citizenship. That's his only defense to removal. It gave him a two-day bench trial to prove by preponderance of the evidence that he was a citizen. He failed to do so. Whether he got to the 50-yard line or the 10-yard line doesn't matter. But he proved if it's substantial evidence, he proved it. The good news is I don't think too many 1255 proceedings. If it's 50-50, he proves it. And if it's... No, no, he did prove it because the standard is... The it is rebutting the presumption. The it is rebutting the presumption. I think... We're going in circles. I think we've taken enough time. I'm going to... Go ahead. You can finish your point and then I'm going to let Ms. True get up for a couple minutes. Sure. My last point is that no other court that has looked at these proceedings has indicated when they focused on this exact issue whether the standard is substantial evidence as opposed to preponderance of evidence. The statute itself says it's a declaratory judgment action. That standard is preponderance of evidence. Congress knew that when they did so. There's no argument that that's an unconstitutional standard by anybody in this case, and therefore this court should honor that standard and find that the district court used the correct burden of evidence. Okay. Thank you, Mark. Thank you so much for your time. Thank you. Thank you very much. Thank you for your patience. Ms. True. I've only got a couple of points to make. The first is I would just want to reiterate in would be the Supreme Court said, and I'm quoting this. This is would be? Would be. Would be. Yes. No deportation order may be entered unless it is found by clear, unequivocal, and convincing evidence that the facts, the legis grounds for deportation are true. Well, that's true with regard to board proceedings, but what's your response to the statutory 1252B5 invocation of the Declaratory Judgment Act standard? I do agree that if he's trying to affirmatively seek nationality or naturalization in the United States, he has a burden by a preponderance of the evidence. But the fact still remains that when this case returned to the Ninth Circuit, it returned to being a removal proceeding. And in those cases, the government bears the burden, and that includes proving alienage. So you're saying that the district court judge applied the correct burden of proof, but once it got back here, once you filed your notice of appeal, it shifted and got lower? It was just a different proceeding. I think that's what it . . . I mean, this is not the district court. I will agree with you on that. But you're saying that once you filed your notice of appeal, your case turned back into a removal proceeding where a substantial evidence test applied. The procedural posture of this case is a little strange because the only notice of appeal . . . I know that, but is that what you're arguing? The notice of appeal that we filed was from the BAA's decision. It wasn't from the district court's decision. We were automatically entitled to appeal that decision pursuant to Ninth Circuit case law. So at the end of the day, this . . . All right. Well, however it got here, once . . . So a few months ago, before the district court, the standard was preponderance of the evidence. Now, up here, it's substantial evidence. Is that your position? Yes, because they're different proceedings. Okay. And so how then are we possibly in a position to review the district court's proceedings if the district court correctly applied a burden of proof that is different from the one that obtains here? Because . . . I don't follow that at all. The district court made a factual finding that's relevant to the removal proceedings because ultimately the case was remanded to the district court to decide the citizenship issue and reach a conclusion about the disputed facts relating to that issue, which goes to both the question of whether he's a citizen affirmatively, and it goes to the question of whether the government has met its burden to remove him and deport him from the United States. But why shouldn't we treat that as a piece of evidence or one of the elements in the removal proceeding that has been decided adversely to the alien? So that when we apply the prong with regard to legitimizing and so on, he simply can't meet his burden, or that the government has met its burden of showing by clear and convincing evidence that he's deportable. I just don't think the government has met that burden because the government has only proven that there's a 50% chance that he's not a citizen, and that burden rests on the government. Other than that, it has won a judgment after a two-day trial, assuming the Declaratory Judgment Act standard applies, that declares that he is not a citizen and he is now stopped before us to argue any differently. Derivative citizenship arises automatically. So if Mr. Rose were able to find evidence tomorrow that Mr. Rose or Harry Rose was not his father, he's a citizen. Actually, if that were to happen, he would have been a citizen as of age 17, right? Correct. Yeah, that's the rub. That's why what we're dealing with is a U.S. citizen being deported. That's right. But Judge Tallman's asking a little bit different question. The government wants to cling to the judgment entered in the district court, and your view is that we look at the findings of fact entered by the district court. The good news is I don't think we're going to have a lot of 1252s that end up exactly on the 50-yard line, but this one did. And so what's your best argument in response to Judge Tallman's question? The point I was trying to make is because it's automatic, it can't be given a stoppable effect, because if Michael comes up with evidence tomorrow, he's a citizen, he can prove it, and he can apply with the U.S. government for citizenship. Well, let's assume that he can't because at this point he's had two full days of trial to offer whatever evidence he has on the subject. I don't know that that's a fair assumption to make, simply because I don't want to be combative about it. Well, let me ask you as his lawyer, what additional evidence do you now possess that you would introduce tomorrow if we reopened this one? We do not have any additional evidence at this time. That's what I thought. But if he goes back to Jamaica, he may be able to locate family members of Harry Rosen and definitively prove that he has a relation to those people. Okay. I think we understand the two sides' respective positions. Ms. True, I do want to thank you for accepting the court's pro bono appointment. We very much appreciate it, and we really value your help on this one. Thank you for the opportunity. I appreciate it. Very, very good job. Both of you. Both sides. Both of you. Well briefed, well argued. Wish us luck. Case just argued is submitted.
judges: Parker, Tallman, Christen